# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| ALIER D., | Case No. 18-CV-1645 (NEB/HB) |
| Petitioner, | |
| v. | ORDER ON REPORT AND RECOMMENDATION |
| SECRETARY OF DEPARTMENT OF HOMELAND SECURITY, ATTY GENERAL JEFFERSON SESSIONS, PETER BERG, ICE Field Office Director, and SHERIFF KURT FREITAG, | |
| Respondents. | |

This is a habeas action brought under 28 U.S.C. § 2241 by petitioner Alier D., a removable alien being held in custody by Immigration and Customs Enforcement ("ICE"). In a Report and Recommendation ("R&R") dated September 28, 2018 [ECF No. 13], United States Magistrate Judge Hildy Bowbeer recommended that the petitioner's § 2241 petition be granted in part. Respondents Secretary of the Department of Homeland Security, United States Attorney General Jefferson Sessions, and Peter Berg, acting ICE Field Office Director (collectively, the "government") object to the R&R.[1]

---

[1] The government states that Peter Berg replaced Scott Baniecke as Regional Field Officer Director of ICE, and therefore should be substituted as the proper respondent. [ECF No. 18 ("Resps' Obj.") at 1 n.1.] "[W]hen a public officer who is a party in an official capacity … ceases to hold office while the action is pending ... [t]he officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d). The Court may order the substitution at any time, *id.*, and will do so here.

**BACKGROUND**

The underlying facts are not in dispute and will not be repeated except as necessary. The petitioner, a native of what is now South Sudan, came to the United States in 2000 as a refugee. He became a lawful permanent resident in 2003. The petitioner was convicted of two felony offenses of possession of a controlled substance under South Dakota law and sentenced to 60 months imprisonment. [ECF No. 7-1 at 4, 8.] On October 28, 2016, the Department of Homeland Security ("DHS") issued a notice to appear charging the petitioner with being removable as an alien convicted of a violation of a controlled substance pursuant to section 237(a)(2)(B)(i) of the Immigration and Nationality Act. (*Id*. at 4.) On December 13, 2016, an Immigration Judge ("IJ") terminated the petitioner's removal proceedings. (*Id*. at 15–16.) DHS filed a notice of appeal to the Board of Immigration Appeals ("BIA"). (*Id*. at 17.) On April 27, 2017, the BIA found that the IJ had erred, and remanded to the IJ for further removal proceedings. (*Id*. at 34–36.)

The petitioner filed an application for cancellation of removal, which an IJ granted in September 2017. (*Id*. at 37–44.) DHS filed a notice of appeal. (*Id*. at 45–47.) On February 20, 2018, the BIA sustained DHS's appeal and remanded, concluding that the petitioner had not demonstrated that he merited cancellation of removal. (*Id*. at 90–91.) The BIA instructed the IJ to consider the petitioner's requests for asylum, withholding of removal, and protection under the Convention Against Torture. (*Id*.) On April 27,

2018, the IJ denied the petitioner's requests and ordered him to be removed to South Sudan or, in the alternative, Sudan. (*Id*. at 92–107.) On May 14, 2018, the petitioner filed a notice of appeal of the order for removal. (*Id*. at 109–111.)

On June 12, 2018, the petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his ongoing detention under 8 U.S.C. § 1226(c) until the conclusion of his removal proceedings. [ECF No. 1.] On September 28, 2018, the Magistrate Judge issued the R&R on the § 2241 petition. [ECF No. 13.] The Magistrate Judge found that the petitioner's continued detention without an individualized bond hearing would violate his right to due process under the Fifth Amendment. (R&R at 16.) The Magistrate Judge recommended that: (1) the § 2241 petition be granted in part with respect to the petitioner's due process claim; (2) an IJ provide the petitioner with a bond hearing within thirty days of the date of the Court's order, at which the IJ would make an individualized determination regarding whether detention is necessary to protect the community or to prevent the petitioner from fleeing; (3) the petitioner's § 2255 claim be dismissed without prejudice for lack of jurisdiction; and (4) the petitioner's request for immediate release be denied. (*Id*. at 17.)

On October 19, 2018, the government filed objections to the R&R, informing the Court that on October 11, 2018, the BIA affirmed the IJ's order of removal and dismissed the petitioner's appeal. [*See* ECF No. 19-1.] On October 29, 2018, the petitioner filed his response to the government's objections. [ECF No. 21 ("Pet'r's

Resp.")].The petitioner explained that he had filed an appeal within thirty days of the BIA's decision, as well as an emergency stay of removal, with the Eighth Circuit. *See id*. at 2, 5; *Alier D. v. Sessions*, No. 18-3246 (8th Cir.) (petition for review filed Oct. 19, 2018). On October 30, 2018, the Eighth Circuit denied the petitioner's motion for a stay of removal. *Alier D. v. Sessions*, No. 18-3246, slip op. at 1 (8th Cir. Oct. 30, 2018).[2] His petition for review remains pending.

**ANALYSIS**

A writ of habeas corpus enables a person detained by the government to challenge the legality of his confinement and, if successful, obtain his release. *See Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). The primary habeas corpus statute, 28 U.S.C. § 2241, confers jurisdiction upon federal courts to hear habeas challenges to the lawfulness of immigration-related detentions. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A district court may not review a discretionary decision made by immigration authorities, but it may review immigration-related detentions to determine if they are constitutional. *See id*. at 688.

---

[2] The docket sheet of the petitioner's petition for review to the Eighth Circuit, and the order denying his motion to stay removal, are available to this Court online through the federal courts' PACER system. The Court will take judicial notice of the docket sheet and order denying the motion to stay removal in Case No. 18-3246. *See Zerger & Mauer LLP v. City of Greenwood*, 751 F.3d 928, 935 n.7 (8th Cir. 2014) (citation omitted) ("[F]ederal courts may *sua sponte* take judicial notice of proceedings in other courts if they relate directly to the matters at issue.").

## I. Basis of the Petitioner's Detention

Under 8 U.S.C. § 1226(a), the government may arrest and detain an alien "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). If a final order of removal is issued against the alien, the government may continue to detain the alien pursuant to 8 U.S.C. § 1231. Under § 1231, the government must remove the alien within a period of ninety (90) days, which begins on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is release from detention of confinement.

8 U.S.C. § 1231(a)(1)(A) & (B); *see Chuol v. Sessions*, No. 17-CV-4700 (JNE/TNL), 2018 WL 1598624, at *3 (D. Minn. Feb. 27, 2018) ("While 8 U.S.C. § 1226(c) governs detention prior to the entry of a final order of removal, 8 U.S.C. § 1231 governs the detention of an alien subject to a final order of removal."), *R. & R. adopted*, No. CV 17-4700 (JNE/TNL), 2018 WL 1587611 (D. Minn. Apr. 2, 2018)).

Here, the petitioner argues that his pre-removal detention under § 1226(c) violates due process. It is undisputed that when the petitioner filed his petition, he was in pre-removal detention, and was detained pursuant to §1226. The government maintains that when the BIA dismissed the petitioner's appeal and affirmed the IJ's

decision on October 11, 2018, the removal order became final and thus, the petitioner is now being held in post-removal detention under § 1231. The petitioner responds that because his appeal to the Eighth Circuit is pending and he has moved to stay his removal, he remains in pre-removal detention under § 1226. (Pet'r's Resp. at 2–3 (citing *Tindi v. Sec'y, Dep't of Homeland Sec.*, No. CV 17-3663(DSD/DTS), 2018 WL 704314, at *2 (D. Minn. Feb. 5, 2018) ("Several circuits have concluded that when a court stays a final order of removal, the alien is no longer subject to a final order of removal and the removal period has not yet begun.").) However, the Eighth Circuit recently denied the petitioner's motion to stay removal. As a result, the order of removal is final under § 1231. The shift of the government's authority to detain the petitioner from § 1226 to § 1231 renders moot his claim based on pre-removal detention. *See, e.g.*, *Oyelude v. Chertoff*, 170 F. App'x 366, 367 & n.4 (5th Cir. 2006) ("Oyelude's challenge to his § 1226 detention was mooted on June 23, 2004 when his final removal order was entered and the Attorney General's authority to detain him shifted to § 1231."); *Chuol*, 2018 WL 1598624, at *3 ("When Petitioner's order of removal became final on March 10, 2017, ICE's authority to detain Petitioner shifted from § 1226 to § 1231, thereby rendering moot Petitioner's claim challenging his detention under § 1226."); *Gahamanyi v. Baniecke*, No. 07-cv-4007 (RHK/RLE), 2008 WL 5071098, at *11 (D. Minn. Nov. 30, 2012) ("Gahamanyi is now in post-removal detention, and any claim, insofar as it concerns his pre-removal detention, has become moot.").

Nor does the petitioner currently have a claim under § 1231. In *Zadvydas v. Davis*, the Supreme Court concluded that it was presumptively reasonable to detain an alien for six months following a final removal order under § 1231.[3] 533 U.S. at 701. Here, the petitioner's removal order became final when the BIA denied the petitioner's appeal and affirmed the IJ's order on October 11, 2018. *See* 8 U.S.C. § 1231(a)(1)(B)(i); *see also Gahamanyi*, 2008 WL 5071098, at *9 (holding that a removal order became final when the BIA sustained the government's appeal, and noting that the start of the removal period was not deferred where the Eighth Circuit denied the petitioner's motion for stay of removal pending appeal). Because the petitioner is well within the presumptively reasonable period of detention following an administratively final order of removal, he is not entitled to habeas relief. The Court need not determine whether removal in the reasonably foreseeable future is likely because that issue is not yet ripe for decision. *See Rennie v. Baniecke*, No. CIV. 11-2970 RHK/JJG, 2012 WL 2003575, at *2 (D. Minn. May 15, 2012) (recommending denial of petition without prejudice because it was premature where petitioner was within the six-month period sanctioned by *Zadvydas*), R. & R.

---

[3] In *Zadvydas*, the Supreme Court rejected as unconstitutional the government's argument that the Attorney General has discretion to detain indefinitely an alien subject to a final removal order under § 1231. 533 U.S. at 689. "[I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id*. at 699–700. The Court recognized that it was "presumptively reasonable" to detain an alien for six (6) months following a final removal order, *i.e.*, for the initial ninety (90) day removal period under § 1231(a), plus another ninety (90) days. *Id*. at 701. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*.

7

*adopted,* No. CIV. 11-2970 RHK/JJG, 2012 WL 2003353 (D. Minn. June 5, 2012). Because the petitioner has not exceeded the presumptively reasonable six-month period of post-removal detention established in *Zadvydas,* his petition is premature. Accordingly, the § 2241 petition is denied without prejudice.

## II. 28 U.S.C. § 2255 Challenge

Footnote 2 in the R&R states that "[i]n his Petition, Petitioner indicated he was also challenging his criminal convictions and sentences under 28 U.S.C. § 2255. However, Petitioner's convictions result from a violation of a South Dakota, rather than a federal, statute." (R&R at 3 n.2 (citing EFC No. 1 at 4 (checking the box on his § 2241 petition that he was "challenging the validity of your conviction or sentence as imposed.").) The R&R notes that the petitioner failed to provide any factual allegations supporting "his position that his South Dakota convictions or sentences were unconstitutional or violated some other federal law." (*Id.* at 4 n.2.) The R&R concludes that the petitioner's § 2255 claim is not cognizable and recommends dismissal without prejudice. (*Id.* at 17.)

In response to the government's objections, the petitioner asserts that the R&R's footnote 2 refers to convictions "in the South Dakota district court," and that "nothing in the record supports that finding." (Pet'r's Resp. at 8.) He does not elaborate or proffer any factual allegations or argument in support of any challenge to his criminal convictions or sentences. While the petitioner's position is not entirely clear, the Court

8

believes he is arguing that the Magistrate Judge incorrectly represented that the petitioner was convicted in federal district court in South Dakota. (*See id*. (citing an unrelated habeas petition case in which that petitioner was convicted in federal district court in South Dakota).) If so, it is not an accurate reading of the R&R. Both the record and the R&R reflect that the petitioner was convicted of violations of South Dakota state law; such violations are prosecuted in state courts. Section 2255 applies to prisoners in custody "under sentence of a court established by Act of Congress," *i.e.*, federal courts. 28 U.S.C. § 2255(a); *cf*. 28 U.S.C. § 2254 (governing petitions for writs of habeas corpus for persons in custody under state court judgments). Because the petitioner's convictions and sentences occurred in state court, his § 2255 claim is not cognizable in this § 2241 habeas action. As such, the petitioner's claim for relief under § 2255 is dismissed without prejudice.

**CONCLUSION**

Based on the foregoing, and on all of the files, records and proceedings herein, the Court SUSTAINS the government's objections [ECF No. 18], and the R&R [ECF No. 13] is ADOPTED AS MODIFIED.

IT IS HEREBY ORDERED THAT:

1. Pursuant to Federal Rule of Civil Procedure 25(d), Peter Berg, in his official capacity as ICE Regional Field Office Director, is hereby SUBSTITUTED as

the Defendant in this action, in place of Scott Baniecke, in his official capacity as ICE Regional Field Office Director.

2. The petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 1] is DISMISSED WITHOUT PREJUDICE.

3. The petitioner's claim for relief under 28 U.S.C. § 2255 is not cognizable in this § 2241 habeas action and is DISMISSED WITHOUT PREJUDICE.

4. The petitioner's request for immediate release is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: November 8, 2018                BY THE COURT:

                                       s/Nancy E. Brasel
                                       Nancy E. Brasel
                                       United States District Judge